Steven L. Krongold (State Bar No. 125952)
**KRONGOLD LAW CORP., P.C.**
100 Spectrum Center Drive, Suite 900
Irvine, California 92618
Phone: (949) 651-1900; Fax: (949) 395-7003
Email: *steve@krongoldlaw.com*

Attorney for Plaintiffs
Long Beach Cinematheque
and Logan Crow

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG BEACH CINEMATHEQUE, a California corporation, and LOGAN CROW, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ROY HASSETT, an individual; TROY HASSETT, an individual; WARD HASSETT, an individual; O ENTERTAINMENT, INC., an entity of unknown form; O ENTERTAINMENT OF CALIFORNIA, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **DIRECT COPYRIGHT INFRINGEMENT;**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT;**<br>4. **UNFAIR COMPETITION UNDER LANHAM ACT;**<br>5. **UNFAIR COMPETITION UNDER CALIFORNIA LAW;**<br>6. **BREACH OF CONTRACT;**<br>7. **BREACH OF FIDUCIARY DUTY; AND**<br>8. **DEFAMATION--SLANDER**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiffs, and allege as follows:

## JURISDICTION AND VENUE

1. This is an action for infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq., the Lanham Act, 15 U.S.C. § 1125(a), and for related claims. This Court has subject matter jurisdiction of this action since it arises under the laws of the United States of America pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction of related state law or common law claims pursuant to 28 U.S.C. §§1338(b) and 1367(a).

2. Venue is proper in this district as a substantial part of the material acts and omissions giving rise to the claims occurred within this judicial district pursuant to 28 U.S.C. § 1391(b). Venue is also proper in the district where defendants reside or may be found pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff Long Beach Cinematheque (LB Cinematheque) is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, with its principal place located in this judicial district. Plaintiff Logan Crow is, and at all times herein mentioned was, an individual residing this judicial district and the founder/CEO of LB Cinematheque.

4. Plaintiffs are informed and believe, and on that basis alleges, that at all times mentioned herein, Defendant O Entertainment of California, Inc. is a California corporation suspended by the Secretary of State. Plaintiffs are informed and believe, and on that basis alleges, that Individual Defendants have represented to Plaintiff and the public that Defendant O Entertainment, Inc. is a valid corporation, located at 539 E. Bixby Road, Suite 59, Long Beach, California 90802. Plaintiffs are unaware of the state of incorporation of O Entertainment, Inc. or even if that company exists. For completeness, Plaintiffs shall refer to both entities as "O Entertainment."

5. Defendant Roy Hassett (R. Hassett) is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, State of California, and the President and majority shareholder of O Entertainment.

6. Defendant Troy Hassett (T. Hassett) is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, State of California, and the Vice-President of Operations of O Entertainment.

7. Defendant Ward Hassett (W. Hassett) is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, State of California, and the Vice-President of Marketing of O Entertainment.

8. Plaintiffs are informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants R. Hassett, T. Hassett, and W. Hassett (collectively, Individual Defendants) are doing business under the fictitious name "O Entertainment."

9. Does 1 through 10, inclusive, are sued herein under fictitious names, their true names and capacities being unknown to plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages as herein alleged were proximately caused by such defendants.

10. At all times herein mentioned each of the Individual Defendants and Does 1 through 10 was the agent, employee, coconspirator and joint venturer of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, conspiracy and joint venture.

# COMMON ALLEGATIONS

### A. The Long Beach Zombie Walk

11. The 2004 remake of George Romero's "Dawn of the Dead (1978)," revived the public's appetite for zombie movies and culture. Video games such as the "Resident Evil" series capitalized on the fascination with the living dead. Urban centers across the country saw the advent of "zombie walks," large social gatherings of adults dressed as zombies walking down public streets.

12. On May 30, 2009, Logan Crow, through Mondo Celluloid, organized a zombie walk down Retro Row in Long Beach, California (Fourth Street, between Cherry and Junipero), culminating in a late-night screening of Edgar Wright's "Shaun of the Dead (2004)," a British zombie-comedy.

13. In October 2009, Logan Crow, through LB Cinematheque, helped organize another zombie walk down Retro Row following a screening of the zombie classic "Night of the Living Dead (1968)."

14. The Long Beach zombie walks continued each year, albeit at different locations within the city in order to accommodate the growing crowds, vendors, and performers.

15. On May 2, 2011, Plaintiffs registered the domain name and created a Facebook page "ZOMBIEWALKLB.COM" to market the annual Long Beach zombie festival and raise money for art house films.

16. In July 2011, Plaintiffs enlisted a graphic designer, Garry Booth, to create a logo for the Long Beach zombie walks. In July 2011, Mr. Booth created the following design (the "Zombie Walk Logo" or "Logo"):



17. Effective July 13, 2011, Booth, as author of the Zombie Walk Logo, assigned to Crow all of his right, title, and interest in the copyrights to the Logo, including the right to reproduce, distribute, or display the Logo, and the right to create derivative works.

18. Effective July 13, 2011, Crow, as owner of the Zombie Walk Logo, entered into a license agreement with LB Cinematheque which granted it an exclusive, royalty-free right to exploit and use all copyrights in the Logo, including the right to sue third-parties for infringement.

### B. O Entertainment Partnership Agreement

19. As the popularity of the Long Beach zombie festival continued to grow, Plaintiffs sought professional assistance with event planning and operation. In late 2013, Crow was introduced to R. Hassett who touted his background and experience in organizing community fairs and carnivals.

20. On December 21, 2013, R. Hassett, on behalf of O Entertainment, without the knowledge or consent of Plaintiff, registered the domain name LONGBEACHZOMBIEFEST.COM. Plaintiff believes this secret registration of a similar domain name was done as part of Hassett's plan to steal the zombie walk rights and usurp Plaintiffs as organizer and producer of the annual festival.

21. On February 28, 2014, LB Cinematheque and O Entertainment entered into a contract, entitled "Zombie Walk Partnership Agreement," a copy of which is attached hereto as <u>Exhibit 1</u>. Pursuant to the agreement, LB Cinematheque retained ownership of all rights in the Long Beach zombie walk festival, including control of all creative content. Defendant O Entertainment controlled festival operation, production, and finances. The parties expressly agreed that vendors should "thematically fit the festival theme" and that Crow would "continue to be the public

face of the festival."  The parties further agreed that Logan Crow's "strong media platform are to be used in promotion of the festival."

22. LB Cinematheque and O Entertainment, and their respective principals, organized, marketed, and produced the 2014 Long Beach Zombie Walk Festival, held October 24-26, 2014.

### C. Defendants Exclude Plaintiffs and Infringe Rights

23. In 2015, Defendants excluded Plaintiffs from the planning and marketing of the 2015 Long Beach Zombie Walk Festival in direct violation of the Partnership Agreement.  For example, defendants used different websites and social media pages to promote the event, and failed to consult with Plaintiffs on choice of vendors.  Yet, defendants continued to use the Logo as part of the media campaign.  Attached hereto as Exhibit 2 is a true and correct copy of the 2015 Event Sponsorship flyer, available for download on Defendants' website.  The flyer prominently displayed the Logo, along with protected a photograph of a prior event.

24. On October 22, 2015, as a result of breaches by O Entertainment both in connection with the 2014 Long Beach zombie walk and in preparation for the 2015 zombie walk, LB Cinematheque formally terminated the Partnership Agreement by written notice, a copy of which is attached hereto as Exhibit 3.  In the termination notice, plaintiff warned defendants that "any use of the intellectual property—including the "Long Beach Zombie Walk Festival" name, logo or artwork, such as currently appears on the web address *longbeachzombiefest.com*—is a direct breach of Mr. Crow's intellectual property rights."

25. Despite termination of the Partnership Agreement, and the clear warning against use of intellectual property, defendants continued to use and display the Logo in connection with the 2015 zombie walk.

26. Despite termination of the Partnership Agreement, and the clear warning against use of intellectual property, defendants used and displayed a logo

1  substantially similar to the Logo in connection with the 2016 zombie walk,
2  illustrated as follows:

[LONG BEACH ZOMBIE FEST logo]

6  **C.  Plaintiff Applies to Register the Copyright**

7  27.  On February 24, 2016, Plaintiff Logan Crow completed an application
8  to register the copyright in the Logo with the United States Copyright Office.
9  Plaintiff paid the application fee and deposited the work.  The completed
10  registration was duly assigned a case number.

11  **FIRST CLAIM FOR RELIEF**
12  (Direct Copyright Infringement;
13  By Plaintiffs against All Defendants and Does 1-5)

14  28.  Plaintiffs reallege and incorporate by this reference Paragraphs 1
15  through 27, inclusive, of this Complaint as if fully set forth herein.

16  29.  The Zombie Walk Logo is an original, creative work of expression that
17  constitute copyrightable subject matter under 17 U.S.C. § 101 et seq.

18  30.  At all relevant times, Plaintiff Logan Crow has owned all of the rights
19  and privileges to the Zombie Walk Logo, and has duly applied to register the work
20  with the United States Copyright Office.  Plaintiff LB Cinematheque is an exclusive
21  licensee of the Logo, with right to sue for infringement.

22  31.  Defendants have infringed copyrights in the Logo through the
23  unauthorized commercial reproduction, display and distribution of the work and the
24  creation of unauthorized derivative works on marketing materials, the Internet, and
25  social media.

26  32.  Unless enjoined and restrained, defendants will continue to infringe
27  copyrights in the Logo.

28

33. As a direct and proximate result of defendants' infringements of copyrights in the Logo, defendants have realized and continue to realize profits and other pecuniary benefits and Plaintiffs have suffered, and continues to suffer, monetary damages in the form of lost license fees and are thus entitled to such fees as damages under 17 U.S.C. §504.

## SECOND CLAIM FOR RELIEF

(Contributory Copyright Infringement;

By Plaintiffs against All Defendants and Does 1-5)

34. Plaintiffs reallege and incorporate by this reference Paragraphs 1 through 33, inclusive, of this Complaint as if fully set forth herein.

35. By lending financial and material support, each defendant has induced, caused, and materially contributed to the other defendant's direct infringement of copyrights in the Zombie Walk Logo.

36. Unless enjoined and restrained, defendants will continue to infringe the copyrights in the Zombie Walk Logo.

37. As a direct and proximate result of defendants' infringements of the Zombie Walk Logo, defendants have realized and continue to realize profits and other pecuniary benefits and Plaintiffs have suffered, and continues to suffer, monetary damages in the form of lost license fees and are thus entitled to such fees as damages under 17 U.S.C. §504.

## THIRD CLAIM FOR RELIEF

(Vicarious Copyright Infringement;

By Plaintiffs Against all Defendants and Does 1-5)

38. Plaintiffs reallege and incorporate by this reference Paragraphs 1 through 33, inclusive, of this Complaint as if fully set forth herein.

39. At all relevant times, defendants have the right and ability to supervise the infringing activities described herein, by, without limitation, direct supervision

1. and control over publication and display of infringing uses of the Zombie Walk Logo on marketing materials, the Internet, and social media.

40. At all relevant times, defendants have a direct financial interest in the infringing activities described herein by virtue of their ownership interest in O Entertainment.

41. Unless enjoined and restrained, defendants will continue to infringe the copyright in the Zombie Walk Logo.

42. As a direct and proximate result of defendants' infringements of the Zombie Walk Logo, defendants have realized and continue to realize profits and other pecuniary benefits and Plaintiffs have suffered, and continue to suffer, monetary damages in the form of lost license fees and thus are entitled to such fees as damages under 17 U.S.C. §504.

## FOURTH CLAIM FOR RELIEF

(Unfair Competition under Lanham Act, 15 U.S.C. § 1125(a);

By Plaintiffs against All Defendants and Does 6-10)

43. Plaintiffs reallege and incorporate by this reference Paragraphs 1 through 27, inclusive, of this Complaint as if fully set forth herein.

44. Since at least 2011, the ZOMBIEWALKLB.COM domain name, the LONG BEACH ZOMBIE WALK word mark, the Zombie Walk Logo have been used in commerce to identify the provider of the annual community festival in Long Beach, California celebrating the public fascination with zombies, i.e., the walking dead.

45. Based on continuous use, and extensive advertising and marketing, the Zombie Walk domain name, word mark, and Zombie Walk Logo have established substantial secondary meaning among consumers as a designation of the source of the annual zombie festival of Long Beach, California.

46. Since 2015, defendants have adopted and used the Zombie Walk domain name, word mark, and logo, or confusingly similar ones, to advertise, market and produce the annual zombie festival in Long Beach, California.

47. Since 2015, defendants have used and continue to use the Zombie Walk domain name, word mark, and logo, in connection with goods or services, in commerce, in a manner that is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of its goods or services in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1).

48. Since 2015, defendants have used and continue to use the Zombie Walk domain name, word mark, and logo in a manner that is likely to lead consumers mistakenly to conclude that the products or services offered by defendants originated from or otherwise were sponsored or approved by Plaintiffs, or that defendants are somehow affiliated, connected, or associated with Plaintiffs in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1).

49. Defendants have caused, and will continue to cause, damage to Plaintiffs, and are causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

(Unfair Competition under State Law;

By Plaintiffs against All Defendants and Does 6-10)

50. Plaintiffs reallege and incorporate by this reference Paragraphs 1 through 27, inclusive, of this Complaint as if fully set forth herein.

51. California's Unfair Competition Law (UCL), Business & Professions Code, Section 17200, defines "unfair competition" as (1) any "unlawful" business act or practice; (2) any "unfair" business act or practice; (3) any "fraudulent" business act or practice; or (4) any "unfair, deceptive, untrue or misleading advertising."

52. Defendants' use of the Zombie Walk domain name, word mark, and logo, or confusingly similar ones, to promote, market, and produce an annual zombie festival in Long Beach, California constitutes unfair competition pursuant to the UCL.

53. Defendants' use of the Zombie Walk domain name, word mark, and logo, or confusingly similar ones, has caused, and will continue to cause, confusion, mistake, and deception among consumers.

54. Defendants' unfair competition has caused, and will continue to cause, irreparable harm to Plaintiffs for which there is no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

(Breach of Contract; By Plaintiff LB Cinematheque against Defendant O Entertainment and Does 6-10)

55. Plaintiff realleges and incorporate by this reference Paragraphs 1 through 27, inclusive, of this Complaint as if fully set forth herein.

56. Plaintiff performed all conditions and obligations under the Zombie Walk Partnership Agreement, except those that were excused by the acts of defendant.

57. Defendant breached the Partnership Agreement by secretly registering a competing domain name, taking over creative control and denying such control to Plaintiff during the 2014 event planning process, blocking Plaintiff from securing vendors, unilaterally approving inappropriate vendors, excluding Plaintiff from the 2015 event planning process, establishing a competing website and social media platform, diverting revenues, failing to account for profits, inflating or falsifying expenses, commingling assets and income, and failing to account for or pay sums owed.

58. As a direct and proximate result of the aforesaid breaches, Plaintiff has suffered, and continues to suffer, damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

(Breach of Fiduciary Duty; By Plaintiffs against All Defendants and Does 6-10)

59. Plaintiffs reallege and incorporate by this reference Paragraphs 1 through 27, inclusive, of this Complaint as if fully set forth herein.

60. Plaintiffs entered into a fiduciary relationship with defendants by virtue of the Zombie Walk Partnership Agreement.

61. Defendants violated their fiduciary duties to Plaintiffs by engaging in a scheme to produce the annual Long Beach zombie walk festival and reap substantial profits from sponsorship opportunities, vendors, ticket sales, and other commercial activity.

62. As a direct and proximate result of the aforesaid breach of fiduciary duties, Plaintiffs have suffered, and continues to suffer, actual damages in accordance with proof at the time of trial.

63. Plaintiffs are entitled to recover compensatory and consequential damages according to proof, prejudgment interest, and such other relief as the Court deems appropriate.

64. The conduct of defendants was and is fraudulent, oppressive, malicious, and in conscious disregard of the rights of Plaintiff and he is therefore entitled to punitive damages against each such defendant.

## EIGHTH CLAIM FOR RELIEF

(Defamation-Slander;

By Plaintiff Logan Crow against Defendant Roy Hassett, and Does 6-10)

65. Plaintiff realleges and incorporates by this reference Paragraphs 1 through 27, inclusive, of this Complaint as if fully set forth herein.

66. Starting in or about March 2015, and continuing thereafter, defendant R. Hassett did tell vendors and prospective vendors of the 2015 Long Beach zombie walk that the City of Long Beach wanted Hassett and O Entertainment to take over

the annual zombie walk festival because Logan Crow owed the City of Long Beach money for past zombie walk festivals.

67.   The persons who heard the aforesaid statement reasonably understood it was about Logan Crow.

68.   The aforesaid statement concerning Crow was false and unprivileged. Although there was a small debt owed the City (under $4,000), R. Hassett promised Crow that he would pay that debt and deduct that payment from the 2014 profits owed under the Partnership Agreement.  Crow was assured by R. Hassett that he did make good on his promise and did, in fact, pay that debt to the City.  Since that promise was made, Crow has never been advised by the City that any debt was owed by him or plaintiff for past zombie walk events.

69.   The above-referenced statement exposed plaintiff to hatred, contempt, ridicule and obloquy or caused him to be shunned or avoided, or had a tendency to injure plaintiff in his occupation.

70.   Defendant was negligent in uttering the statement.  Defendant failed to use reasonable care to determine the truth or falsity of the statement.

71.   Defendant uttered the statement either knowing that it contained false and defamatory material or with reckless disregard for whether the statement was true or not.

72.   As a direct and proximate result of the above-described publication, plaintiff has suffered loss of reputation, shame, mortification, and injury to his feelings, all to his general damages in an amount to be established by proof at trial.

73.   As a direct and proximate result of the above-described publication, plaintiff has suffered special damages in an amount to be established by proof at trial, including loss of business and business opportunities.

74.   Plaintiff is informed and believes, and thereon alleges, that the aforementioned act of defendant was done willfully, maliciously, with fraudulent

intent and with deliberate disregard of plaintiff's rights, privileges and concerns. Plaintiff is thus entitled to recover punitive damages in an amount bearing a reasonable relationship both to the actual amount of damages recovered and the general financial solvency of defendant yet in a sufficient amount to punish and make an example of him, and to deter others from engaging in the same or similar conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray as follows:

### ON THE FIRST, SECOND AND THIRD CLAIMS FOR RELIEF:

1. That this Court find defendants have infringed on Plaintiffs' copyrights in the Zombie Walk Logo.

2. That Defendants, and their agents, servants, employees, licensees, joint ventures, and all persons in active concert or privity or in participation with them, be enjoined from, directly or indirectly, infringing on Plaintiffs' rights in the Zombie Walk Logo, including the right to import, manufacture, sell, distribute, reproduce, publicly display, market, license, transfer, advertise or develop derivatives thereof.

3. That Defendants be required to file with the Court and serve on Plaintiffs within thirty (30) days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail each sale, distribution, reproduction, marketing, license, or use of any works derived or copied from the Logo.

4. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement, including the provision of an accounting of revenue or other consideration generated from the sale, distribution, reproduction, marketing, license, or use of the Logo.

5. That Defendants pay to Plaintiffs all profits derived by Defendants' sale of infringing products pursuant to 17 U.S.C. § 504(b).

6. That Defendants destroy or return to Plaintiffs all infringing products.

**ON THE FOURTH AND FIFTH CLAIMS FOR RELIEF:**

7. That defendants be required to account for all gains, profits, and advantages derived from their acts of infringement, including the provision of an accounting of revenue or other consideration generated from the sale, distribution, reproduction, marketing, license, or use of the Zombie Walk domain name, word mark, and logo, or confusingly similar ones.

8. That defendants pay to Plaintiffs all profits derived by defendants' sale of infringing products.

9. That Defendants be enjoined from engaging in acts of unfair competition.

**ON THE SIXTH CLAIM FOR RELIEF:**

10. For compensatory and/or consequential damages according to proof at trial;

**ON THE SEVENTH CLAIM FOR RELIEF:**

11. For general and compensatory damages according to proof at trial;

12. For punitive damages in an amount sufficient to deter defendants;

**ON THE EIGHTH CLAIM FOR RELIEF:**

13. For special and general compensatory damages according to proof at trial.

14. For punitive damages in an amount sufficient to deter defendants;

**ON ALL CLAIMS FOR RELIEF:**

15. For injunctive relief;

16. For prejudgment interest;

17. For costs of suit;

18. For such other and further relief as the Court deems proper.

1 | DATED: March 8, 2016

KRONGOLD LAW CORP., P.C.

By: /s/ Steven L. Krongold
Steven L. Krongold
Attorney for Plaintiffs
Long Beach Cinematheque and Logan Crow

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims so triable.

DATED: March 8, 2016                     KRONGOLD LAW CORP., P.C.

By: /s/ Steven L. Krongold
Steven L. Krongold
Attorney for Plaintiffs
Long Beach Cinematheque and Logan Crow